**Opinion issued November 8, 2016**



In The

# Court of Appeals

For The

## First District of Texas

———————————

### NO. 01-15-01063-CR

———————————

**RODRICK VALIN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 337th District Court**
**Harris County, Texas**
**Trial Court Case No. 1459489**

---

### MEMORANDUM OPINION

Rodrick Valin pleaded guilty without an agreed punishment recommendation to the felony offense of aggravated assault. *See* TEX. PENAL CODE ANN. § 22.02(a) (West 2011). The trial court entered an order deferring adjudication. The State subsequently moved to adjudicate. After a hearing, the trial court adjudicated Valin

guilty and sentenced him to 5 years' incarceration in the Texas Department of Criminal Justice, Institutional Division. *See* TEX. PENAL CODE ANN. §§ 22.02(b); 12.33(a) (West 2011). Valin timely filed a notice of appeal.

Valin's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Valin's counsel certified that he had sent Valin a copy of the record and advised him of his right to file a pro se response to counsel's *Anders* brief. The pro se response was due on July 13, 2016, but no response was received.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at

2

1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record).  We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals.  *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[1]  Attorney Nicholas Mensch must immediately send Valin the required notice and file a copy of the notice with the Clerk of this Court.  *See* TEX. R. APP. P. 6.5(c).  We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Brown, and Huddle.

Do not publish.  TEX. R. APP. P. 47.2(b).

---

[1]  Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals.  *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).